IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JUSTE, MOTJUSTE TIRADE OF VIM ANDRE JUSTE, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 15-168 |
| v. | ) ) | Judge Cathy Bissoon |
| BRENNAN ANN MARIE LINDSAY, LINDSAY ANN MARIE PHILLIPS, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

Having been granted leave to proceed <u>in forma pauperis</u> ("IFP"), Plaintiff[1] is subject to the screening provisions in 28 U.S.C. § 1915(e). See <u>Atamian v. Burns</u>, 2007 WL 1512020, *1-2 (3d Cir. 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or that cannot or should not proceed on the merits. 28 U.S.C. § 1915(e)(2)(B); <u>Fedee v. Dow</u>, 2012 WL 5472120, *2 (D. N.J. 2012) (citations omitted); see <u>Collins v. Cundy</u>, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the

---

[1] The Court notes there are two plaintiffs in this action, Andre Juste and Motjuste Tirade of Vim Andre Juste. Mr. Juste has provided the Court with no explanation of what, exactly, MotJuste Tirade of Vim Andre Juste is. It appears that Motjuste Tirade of Vim Andre Juste is an organization, and not a person, and therefore may not proceed <u>in forma pauperis</u>. <u>MotJuste Tirade of Vim Andre Juste v. Brennan</u>, 16 F.Supp.3d 716, 724 ("[P]laintiff cannot litigate this case on behalf of the organization MotJuste Tirade of Vim Andre Juste.") (citing <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 197 (1993)). Therefore, the Court will refer only to "Plaintiff," meaning Mr. Juste himself.

expenditure of public funds and the valuable time of the federal courts to prosecute an action that is totally without merit.").

It appears that Plaintiff previously filed a similar complaint in the Northern District of West Virginia. Motjuste Tirade of Vim Andre Juste v. Brennan, 16 F.Supp.3d 716 (N.D. W.Va. 2014). That district court adopted the Report and Recommendation of the Magistrate Judge, which found that "the majority of the claims raised by Plaintiff lack subject matter jurisdiction and the remaining federal claims should be dismissed for failure to state a claim for which relief may be granted." Id. at 723. Although the two complaints are not identical, the same is true before the Court today.

In his Complaint, Plaintiff alleges that approximately five or six years ago, Defendants wrongfully relocated a child under twelve years of age from her home state of West Virginia to the state of Florida. Compl. at 4. They "kidnapped" the child, "Aimiee A. Juste," (the "Child") at the age of 17 months, without "a petition," and have deprived Plaintiff of visitation since then. Id. Plaintiff refers to the Child as his daughter. Id. He does not specify who the Defendants are, although the Court believes one of them is the Child's aunt. Id. at 4 (referring to the child as "her niece"). Plaintiff demands judgment against Defendants, the return of the Child to his care and custody, and alimony. Id. at 5-6.

Plaintiff has submitted a "Criminal Complaint" and a "Petition for Return of Child to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondents" (the "Petition") along with his Complaint. (Doc. 2, Ex. 2; Doc. 3). These two documents reiterate and supplement the facts contained in the Complaint. According to exhibit three, Lindsay Phillips is the Child's aunt, and Stefanie Brennan, not a named Defendant, is the child's mother.

(Doc. 3 at 2). There is no mention of Defendant Brennan Ann Marie Lindsay, or any variation on that name. The Court is unsure of the identity of Defendant Lindsay.

The Petition clarifies that Plaintiff is not the Child's biological father, but he asserts legal parental rights. Plaintiff does not provide documentation demonstrating that he is the child's legal father or that he was ever granted joint or sole custody over the child. Plaintiff alleges that the Child's aunt, Defendant Phillips, relocated the child out of the state of West Virginia, to Florida, without the parental consent of Plaintiff as required by law. Plaintiff alleges that he is entitled to legal custody of the Child.

Plaintiff asserts that Defendants are guilty of violating various criminal statutes for kidnapping and demanding ransom money, among other acts. Compl. at 2. "Criminal statutes cannot be the basis of jurisdiction in a civil case," and plaintiffs in civil cases may not bring criminal charges against other private individuals. MotJuste, 16 F.Supp.3d at 725-26 (citing Whittington v. U.S. Bank Nat. Ass'n, 2013 WL 2285943, at *11 (D.S.C. May 23, 2013); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990)). Plaintiff further alleges that Defendants have violated West Virginia Code, requiring notice of relocation, but that is a state law which does not provide the Court with federal question jurisdiction.

Plaintiff alleges that Defendants have violated the Parental Kidnapping Prevention Act ("PKPA") (28 U.S.C. § 1738A). "The PKPA sets national standards for determining jurisdiction in child custody disputes and provides that full faith and credit be given to child custody determinations in state court." MotJuste, 16 F.Supp.3d at 731. It is a mechanism that allows federal courts to settle jurisdictional disputes regarding child custody, while avoiding the merits of custody determinations. See Meade v. Meade, 812 F.2d 1473, 1476 (4th Cir. 1987). Plaintiff has not alleged sufficient facts to demonstrate the existence of conflicting state custody

determinations, which would permit him to invoke the PKPA. He alleges that Defendants violated custody laws, but not that courts of different states have come to inconsistent custody determinations.

Lastly, Plaintiff asserts that the Court has diversity jurisdiction over this mater, as he resides in Pennsylvania, and Defendant Phillips resides in Florida with the Child. While it is difficult to be sure, the Court believes that Plaintiff alleges that Defendant Lindsay also resides in Florida. However, he seeks "alimony 11,523 in the sum of 40,000." Compl. at 5. Even assuming Plaintiff is asserting two sums, the total of those sums is $51,523, which is less than the required amount in controversy of $75,000. 28 U.S.C. § 1332

As the Court lacks federal question and/or diversity jurisdiction over Plaintiff's claims, he has failed to state a claim for which relief may be granted.

## **CONCLUSION**

For the reasons stated above, this case is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.


March 2, 2015                                s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via First-Class U.S. Mail):

Andre Juste
903 Watson Street
Pitsburgh, PA 15219

MotJuste Tirade of Vim Andre Juste
40 Ann Street
New York, NY 10038